UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15cv294-FDW

| | |
|---|---|
| MICHAEL RAY KING, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FRANK PERRY, ) | |
| ) | |
| Respondents. ) | |
| ) | |

**THIS MATTER** is before the Court upon initial review of Petitioner Michael Ray King's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.)

I.   **BACKGROUND**

Petitioner is a prisoner of the State of North Carolina, who was convicted by a jury in Buncombe County Superior Court of possession with intent to sell or deliver cocaine, selling cocaine, and possession of drug paraphernalia. State v. King, 721 S.E.2d 336, 339 (N.C. Ct. App. 2012). Subsequently, Petitioner was found guilty of attaining habitual felon status. Id. The trial court entered judgment on September 11, 2008, sentencing defendant to thirty days for possession of drug paraphernalia, and consecutive sentences of 150 to 189 months for possession with intent to sell or deliver cocaine and selling cocaine. Id.

Defendant appealed. On February 7, 2012, the North Carolina Court of Appeals filed a published opinion finding no error in the underlying drug convictions, but remanding for a new habitual felon status hearing because neither the verbatim transcript, nor an adequate alternative to conduct meaningful review of Petitioner's habitual felon status hearing, was available. Id.the

1

On remand, Petitioner pled guilty to attaining habitual felon status and, in accordance with the exact terms of his plea bargain, was sentenced to one consolidated term of 168–211 months imprisonment. King v. North Carolina, No. 1:13cv296–FDW, 2014 WL 1230518, at *1 (N.C.W.D. March 25, 2014). Judgment was entered on March 5, 2012. Id. On January 17, 2013, Petitioner filed a pro se motion for appropriate relief ("MAR") in Buncombe County Superior Court, which was denied on February 28, 2013. Id. Petitioner filed a pro se certiorari petition in the North Carolina Court of Appeals on March 26, 2013; it was dismissed on April 12, 2013. Id.

Over the course of the next six (6) months, Petitioner filed additional pleadings in the state appellate courts, all of which were denied or dismissed. Id. Petitioner filed a petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court on October 31, 2013, when he signed the Petition and placed it in the prison's internal mail system. Id. The respondent filed a motion for summary judgment, which the Court granted on March 25, 2014. King, 1:13cv296-FDW, 2014 WL 1230518, at *7. The Court held that the Petition was time-barred under 28 U.S.C. § 2244(d)(1)(A), and, in the alternative, that the claims raised were without merit. Id. Petitioner's subsequent appeal was dismissed. King v. North Carolina, 577 Fed. Appx. 163 (4th Cir. 2014) (unpublished).

Petitioner returned to the state courts and filed another MAR in Buncombe County Superior Court on June 29, 2015. (Order Den. MAR 2, Doc. No. 1-1.) It was denied on July 2, 2015. (Order Den. MAR, supra.) Petitioner filed a petition for writ of certiorari in the North Carolina Court of Appeals, seeking review of the denial of his MAR. The petition was denied on August 11, 2015. (Order Den. Cert. Pet. 3, Doc. No. 1-1.) Petitioner's subsequent petition for

discretionary review was dismissed by the state supreme court on November 5, 2015. (Order Den. Pet. for Discretionary Rev. 6, Doc. No. 1-1.)

Petitioner filed the instant federal habeas Petition on December 9, 2015, when he signed it and placed it in the prison's internal mail system. In it, he challenges the constitutionality of his March 2012 sentence.

## II.  STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs district courts to examine habeas petitions promptly. Rule 4, 28 U.S.C.A. foll. § 2254. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Id.

## III.  DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996 provides for an express limitation on a petitioner's ability to attack his criminal judgment in a subsequent collateral proceeding. Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

As noted, Petitioner filed a prior § 2254 habeas petition, in which he challenged his March 2012 sentence. (Doc. No.1, 1:13cv296-FDW.) His previous habeas petition was dismissed as untimely under the federal statute of limitations. King, 1:13cv296-FDW, 2014 WL 1230518, at *7. A dismissal of a habeas petition as time-barred is a decision on the merits and any subsequent habeas petition challenging the same conviction or sentence is 'second or

successive' for purposes of 28 U.S.C. § 2244(b). See In re Rains, 659 F.3d 1274, 1275 (10th Cir. 2011) (per curiam); Quezada v. Smith, 624 F.3d 514, 519–20 (2d Cir. 2010) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)." (additional internal quotation marks omitted)); In re Flowers, 595 F.3d 204, 205 (5th Cir. 2009) (per curiam) (deciding that when first § 2254 petition was dismissed as time-barred, later petition is successive); McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009) ("We hold that the dismissal of a habeas petition as untimely constitutes a disposition on the merits and that a further petition challenging the same conviction would be 'second or successive' for purposes of 28 U.S.C. § 2244(b)."); Altman v. Benik, 337 F.3d 764, 765 (7th Cir. 2003) (per curiam) (holding that "previous untimely petition does count as a prior application under § 2244(b)").

Petitioner has not shown that he has obtained the necessary permission from the Fourth Circuit to file a successive petition. Accordingly, this petition must be dismissed as an unauthorized, successive § 2254 petition. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place"); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.") (citation omitted).

**IT IS, THEREFORE, ORDERED** that:

1) Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED without prejudice** as an unauthorized, successive § 2254 petition;

4

2) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: January 8, 2016

Frank D. Whitney
Chief United States District Judge